# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | CIVIL ACTION NO. 6:20-CR-00040-JCB |
| v. § § | |
| CHRISTOPHER COLIN HENEXSON, § § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 29, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Christopher Henexson. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. On June 27, 2018, District Judge Ed Kinkeade of the Northern District of Texas sentenced Defendant to 46 months imprisonment followed by one year of supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse counseling and treatment. On April 9, 2020, Defendant completed his term of imprisonment and began his term of supervised release. On June 2, 2020 jurisdiction of this case was transferred to the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. In Allegation

5 of its petition, the government alleges Defendant violated the conditions of his supervised release when he failed to notify the U.S. Probation Office after he was pulled over by the police department in Mesquite, Texas on May 9, 2020. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by failing to notify the probation officer within 72 hours after he was pulled over by the police on May 9, 2020, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 5 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 13 months imprisonment, with one year of supervised release to follow, the first six months of which shall be in a halfway house.

The Court therefore **RECOMMENDS** that Defendant Christopher Henexson's plea of true be accepted and he be sentenced to a term of 13 months imprisonment with one year of supervised release to follow. The first six months of Defendant's supervised release term shall be in a halfway house. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas, or El Reno, Oklahoma, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 29th day of October, 2020.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE