IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:20-CR-40-JCB |
| vs. § | |
| § | |
| § | |
| § | |
| CHRISTOPHER COLIN HENEXSON § | |
| (1) | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 24, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony, Defendant Christopher Colin Henexson was sentenced on June 27, 2018 by United States District Judge Ed Kinkeade in the Northern District of Texas. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 46 to 57 months of imprisonment. Defendant was sentenced to 46 months of imprisonment followed by a 1-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse counseling and treatment.

1

Defendant completed his term of imprisonment and started his term of supervised release on April 9, 2020.  Jurisdiction was transferred to the Eastern District of Texas on June 2, 2020, and the matter was reassigned to United States District Judge J. Campbell Barker.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 16, 2022, United States Probation Officer Daisy Pridgen alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested by the Tyler Police Department on June 14, 2022 and charged with Manufacture and Delivery of a Controlled Substance (2 counts) and Unlawful Possession of a Firearm by a Felon.

2. **Allegation 2 (mandatory condition 2):  The defendant must not unlawfully possess a controlled substance.**  It is alleged that Defendant was arrested by the Tyler Police Department on June 14, 2022 and charged with Manufacture and Delivery of a Controlled Substance (2 counts).  It is alleged that Defendant was found to be in possession of methamphetamine, heroin, and suspected fentanyl.

3. **Allegation 3 (standard condition 8):  The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that Defendant was arrested by the Tyler Police Department on June 14, 2022 and charged with Manufacture and Delivery of a Controlled Substance (2 counts) and Unlawful Possession of a Firearm by a Felon. The passenger in Defendant's vehicle was a convicted felon.

4. **Allegation 4 (standard condition 10):  The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).**  It is alleged that Defendant was arrested by the Tyler Police Department on June 14, 2022, and charged with Manufacture and Delivery of a Controlled Substance (2 counts) and Unlawful Possession of a Firearm by a Felon.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Manufacture or Delivery of a Controlled Substance in Penalty Group 1-B >= 4 grams < 200 grams or Manufacture or Delivery of a Controlled Substance in Penalty Group 1-B >= 1 gram < 4 grams (heroin) as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade A violation is 33 to 41 months of imprisonment, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Unlawful Possession of a Firearm by a Felon or possessing methamphetamine and heroin as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by associating with someone known to be a convicted felon without permission or possessing a firearm as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On May 24, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of time served with no further supervised release. The recommended sentence recognizes that Defendant has been in custody on the present petition for 11 months. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to time served with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to time served with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to time served with no further supervised release.

So ORDERED and SIGNED this 24th day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE